CITY OF EAST CLEVELAND, APPELLANT, *v.* DRAGONETTE, APPELLEE.
CITY OF EAST CLEVELAND, APPELLEE, *v.* DRAGONETTE, APPELLANT.

[Cite as East Cleveland v. Dragonette (1972), 32 Ohio St. 2d 147.]

(Nos. 72-245 and 72-287—Decided December 13, 1972.)

148

Mr. *Henry B. Fischer*, director of law, for the city of East Cleveland.

*Messrs. Mancino, Mancino & Mancino* and *Mr. Paul Mancino, Jr.*, for defendant, Jerome Dragonette.

*Per Curiam.* We affirm the judgment of the Court of Appeals in case No. 72-287 (property damage), for the reason stated by the Court of Appeals.

In case No. 72-245 (reckless operation), the record before the Court of Appeals consisted only of the transcript of the Municipal Court's docket and journal entries, and that transcript failed to demonstrate the error complained of, *i. e.*, error in accepting defendant's plea of guilty. This being so, there is nothing presented by defendant upon

which a reviewing court can determine whether error was committed by the trial court.[1]

It is necessary that a bill of exceptions be filed and allowed by the trial court exemplifying the facts necessary to determine the issues presented. *State, ex rel. Cliffview Land Co.,* v. *Maloney* (1956), 166 Ohio St. 45; *State, ex rel. Heights Jewish Center,* v. *Haake* (1956), 165 Ohio St. 547. A party, having the duty of instituting the preparation of a record for the purpose of appeal, may not sit idly by and then predicate reversal upon the basis of a "silent record."[2]

In *Lee* v. *Benedict* (1910), 82 Ohio St. 302, this court held that:

"To enable a reviewing court to properly pass upon alleged errors at the hearing * * * to vacate a judgment * * * for irregularity in obtaining such judgment, there should be presented a record including a finding of facts, or a bill of exceptions showing all the evidence given at the hearing."

We reverse the judgment of the Court of Appeals in case No. 72-245 (reckless operation) as pertains to the city's appeal, and affirm that judgment as pertains to defendant's cross-appeal.

*Judgment accordingly.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.

---

[1] In both cases, issues were created as to what transpired in the hearings before the trial court, and statements made by counsel in a motion for new trial do not waive the necessity to file a bill of exceptions as to the claimed error. Defendant could have prepared a narrative bill of exceptions, or stipulated with the state as to what transpired in the Municipal Court hearings.

---

[2] As a matter of fact, the trial judge's journal entry overruling the motion for new trial and to vacate judgment specifically stated that:

"The Court on two separate occasions specifically advised the defendant of his right to counsel and said defendant advised the Court of his desire to proceed without counsel."