THE STATE OF OHIO, APPELLEE, *v*. BOERST, APPELLANT.

[Cite as State v. Boerst (1973), 45 Ohio App. 2d 240.]

(No. 7157—Decided August 1, 1973.)

*Mr. Fredric L. Zuck*, for appellee.
*Mr. L. A. Dirker*, for appellant.

MAHONEY, J. The defendant (appellant), Francis Boerst, was convicted in Akron Municipal Court, in a trial to the court on December 15, 1972, of violating R. C. 4301.22 (B). He was fined $100 and sentenced to five days in the city workhouse. He did not have counsel at trial, or at any other court appearance. Subsequent to trial, he obtained counsel, who filed a motion for a new trial, which was overruled.

The appeal assigns as error the failure of the trial court to inform the defendant of his rights. Defendant's claimed errors are more succinctly set forth on page five of his brief, in the following questions:

"1. Do the federal rights and privileges contained in the Fifth and Sixth Amendments to the United States Constitution apply in state misdemeanor prosecutions?

"2. Will a guilty plea to a misdemeanor be presumed

valid under federal constitutional standards when there is no transcript of proceedings (silent record)?

"3. Will the judge's failure to comply with the provisions of R. C. 2937.02—2937.07 invalidate a plea of guilty?

"4. Will the trial judge be presumed to have complied with R. C. 2937.02—2937.07 absent an affirmative showing of compliance in the record?"

The record before us consists of a transcript of proceedings relating to the trial only, and a transcript of docket and journal entries. The former is silent as to any compliance with R. C. 2937.02 or R. C. 2937.03. Neither transcript shows an arraignment, or an explanation of rights. An arraignment of some kind may be inferred perhaps from the "so-called" journal entry on the back of the arrest ticket.

Federal standards of the Fifth and Sixth Amendments to the United States Constitution have been applied to the states through the due process clause of the Fourteenth Amendment. The right of a defendant to counsel, to a trial by jury, to be informed of the charge against him, and to confront witnesses, are rights guaranteed by both the federal and state constitutions. These rights may be waived, but such a waiver must be voluntarily, knowingly, and intelligently made, with an understanding of the nature of the charge, and the consequences of the plea. *Gideon* v. *Wainwright*, 372 U. S. 335; *Duncan* v. *Louisiana*, 391 U. S. 145; *Pointer* v. *Texas*, 380 U. S. 400; *Boykin* v. *Alabama*, 395 U. S. 238; *Johnson* v. *Zerbst*, 304 U. S. 458. Such a waiver is never presumed from a silent record. *Carnley* v. *Cochran*, 369 U. S. 506.

The provisions of R. C. 2937.02 through R. C. 2937.07 are mandatory upon the trial court, and it will not be presumed from a silent record that the trial court has complied with the statutory requirements as to the explanation of rights, etc. The failure to comply with such provisions invalidates the whole proceeding. *Cleveland* v. *Whipkey*, 29 Ohio App. 2d 79.

The state argues that the defendant has not produced a transcript of proceedings or a record of the arraignment.

Counsel for the state further says that an explanation of a defendant's rights, or a record of the arraignment is generally done orally by the court, or at its direction, before each session of the court. While the defendant does have the burden of seeing that the record is complete, under the appellate rules, he can do no more than request the clerk to prepare and forward the transcript of docket and journal entries, and the transcript of proceedings.

The instant case is distinguishable from *East Cleveland* v. *Dragonette*, 32 Ohio St. 2d 147, in that here the defendant did not "sit idly by" and predicate reversal upon a "silent record" by not filing a bill of exceptions (transcript of proceedings). Here, the defendant requested and filed the transcripts, and the reviewing court can determine from such transcripts whether or not an error was committed. We must assume that those transcripts, as certified by the clerk and the trial judge, respectively, are complete and accurate.

Therefore, this court finds that substantial justice has not been done the party complaining, and the judgment of the Akron Municipal Court is reversed, and the matter is remanded to the trial court for a new trial, in accordance with the provisions of R. C. 2937.02 through R. C. 2937.07.

*Judgment reversed and cause remanded.*

VICTOR, P. J., and DOYLE, J., concur.

DOYLE, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.