JOURNAL ENTRY AND OPINION
This appeal raises the issue of whether or not the juvenile trial court had clear and convincing evidence upon which to grant permanent custody of Brittany Lauriano to Cuyahoga County Welfare Department and deny custody to the biological father, appellant Charles Butler. Appellant Butler has not provided this court with a transcript of the proceedings below. However, we do have in the record the Guardian Ad. Litem report and findings, and the trial judge's journal entry. In the journal entry, the trial court held under R.C. 2151.414(E) appellant had not paid child support, and the best interest of the child standard mandated he not be awarded custody. He assigns the following error for our review:
 THE COURT FAILED TO ADEQUATELY APPLY O.R.C. § 215.141(E) [sic] TO MR. BUTLER.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
The record in this case consists of the journal entry of the trial court and the Guardian Ad. Litem report. It is from these documents that we are able to discern some of what occurred below.
In 1996, County Welfare received a complaint that the mother, Iris Lauriano, had abandoned then two year old Brittany and her three sisters. The girls were left outside of the home in the rain. Juvenile court took temporary custody and then held a hearing on the permanency of that custody. On June 11, 1998, the paternity test results showed appellant Butler as the biological father.
At the hearing on October 14, 1998, the juvenile court determined that although the children were not abandoned, neither Iris Lauriano nor appellant Butler were suitable to receive custody of Brittany. In fact, all of the children were in foster care. The court determined that both parents had "demonstrated a lack of commitment towards the children by failing to regularly support, visit or communicate with the children when able to do so * * *" The court concluded that appellant had failed to pay financial support.
The Guardian Ad. Litem report which is in this appeal record reported that Brittany, who is the subject of this appeal, is emotionally delayed and in need of consistent supervision and a structured routine. Butler, in his early sixties, met and formed a relationship with the mother when she moved into a two-family house where he and his girlfriend lived with their two children. This relationship formed the basis of domestic violence and conflict between the two women.
The Guardian Ad. Litem reported that Butler is the father of four adult children, the father of Brittany and Amanda, and the father of a son and daughter by his live-in girlfriend. Appellant Butler has never been married and he has not been steadily employed over the last few years. He has never provided support for Brittany. A psychological evaluation of Appellant Butler revealed that he is unpredictable, impulsive, and has poor social judgment. Additionally, his test results indicated that he has fluctuating ethical values and a readily circumvented conscience. Consequently, the Guardian Ad. Litem recommended Brittany remain in foster care and not be placed with Butler. The trial court agreed and granted permanent custody of Brittany to the Welfare Department and Butler filed this appeal.
In his sole assigned error, he argues that the trial court improperly applied R.C. 2151.414(E). We are unable to discern the validity of his assertion because he failed to provide us with a transcript of the proceedings below. The law in Ohio is that permanent custody may not be awarded to the Department of Human Services unless the trial court finds clear and convincing evidence that one or more of the eight enumerated factors in R.C.2151.414(E) exist. In re William 5. (1996), 75 Ohio St.3d 95. Because we have not been provided with information to the contrary, we conclude the trial court had clear and convincing evidence of one or more of the eight factors under R.C.2151.414(E). "The law in Ohio is clear that, where an authenticated transcript of proceedings in a trial court is necessary to exemplify the facts which determined the issues presented there, its absence requires a reviewing court, upon appeal, to dismiss the appeal or affirm the judgment of the court from which the appeal is taken." State v. Render (1975), 43 Ohio St.2d 17,21, citing Ford v. Ideal Aluminum (1966), 7 Ohio St.2d 9, appeal dismissed (1967), 386 U.S. 264, 87 S.Ct. 1023,19 L.Ed.2d 38.
During oral argument, appellant's lawyer argued that we did not need a transcript to review the facts relevant to the best interest of Brittany because the best interest is relevant only after the trial court has found by clear and convincing evidence that one of the factors under R.C. 2151.414 exists to justify a denial of custody, citing In re William S., supra. We believe appellant's lawyer's use of In re William S. in this case is misplaced. In In re William S., the Ohio Supreme Court reversed the trial court because it used a factor to terminate custody that was not enumerated under R.C. 2151.414.
Mr. Butler's lawyer claimed that the trial court was wrong in concluding that appellant failed to support Brittany. She argues that Butler was not required to pay child support while he was awaiting the paternity results. Appellant claims Cuyahoga County Support Enforcement Agency told him not to pay until he receive the test results. Even if this would justify his non-payment, nothing in this record supports his assertion.
 If a party can demonstrate the error complained by the use of the original papers and exhibits thereto or by the docket and journal entries, it is not necessary for him to provide an appellate court with a transcript of proceedings, a narrative statement, or an agreed statement as provided for in Appellate Rules 9(B), 9(C), and 9(D).
 However, if an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence, is contrary to the weight of the evidence, that there was error in the trial court's charge to the jury, or some other similar issue, it is necessary for him to provide the court with either a complete or partial verbatim transcript of the testimony, as required by Appellate Rule 9(B), or a narrative statement, as provided for in Appellate Rule 9(C), or an agreed statement as provided for in Appellate Rule 9(D).
Conway v. Ford Motor Co. (1979), 48 Ohio App.2d 233, 236-237. Mr. Butler has failed to demonstrate that the trial court was in error. Nothing in the record conclusively supports his assertions. "A party, having the duty of instituting the preparation of a record for the purpose of appeal, may not sit idly by and then predicate reversal upon the basis of a 'silent record.'" City of East Cleveland v. Dragonette (1972), 32 Ohio St.2d 147,149, certiorari denied (1973), 412 U.S. 932. We must, therefore, conclude the trial court had evidence before it to support its finding under R.C. 2151.414(E) and its determination of the best interest of the child.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Juvenile Division, Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
PATTON. J., and
KILBANE. J., CONCUR.
 _________________________ PATRICIA ANN BLACKMON JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).