OPINION
This is an appeal from the Girard Municipal Court. Appellant, Eric Ollila, appeals the judgment entry awarding appellee, Mark Buckley, a judgment of $2,000.
On April 27, 1998, appellee filed a small claim complaint against appellant for breach of contract.[1] Appellee sued appellant for $3,000 plus interest. The magistrate issued a decision on June 2, 1998, finding that appellee and appellant entered into a written agreement where appellant was to act as a broker and provide marketing services to sell appellee's car wash business. The agreement was executed on May 13, 1996, and appellee agreed to pay an advance of $3,000 to appellant for the services. Appellee claimed that appellant breached the contract because appellant: (1) did not use his best efforts to obtain offers for the purchase of the business; (2) did not provide a proper marketing portfolio; and (3) offered very little business analysis, research, and consultation to determine the proper market value of the business. Appellant alleged that his inability to market the property was appellee's fault as appellee failed to provide appellant with complete financial information to arrive at a reasonable sale price.
In the June 2, 1998 decision, the magistrate also determined that the reasonable value of services provided by appellant to appellee was in the amount of $750. On that same date, the trial court accepted and approved the magistrate's decision and awarded judgment to appellee in the sum of $2,250, together with interest at a rate of ten percent from that date. Thereafter, on June 11, 1998, appellant filed an objection to the magistrate's decision. Appellant asserted that the magistrate made an incorrect decision because appellant did not have a chance to respond to the documents that appellee filed with the court since he was not provided with copies of them. A hearing on the objections took place on September 12, 1998, before the trial court.
On September 18, 1998, the trial court issued a judgment entry stating that after considering the business profile that was submitted at the hearing, the reasonable value of services that was rendered was $1,000. Thus, the trial court entered judgment in favor of appellee in the amount of $2,000. It is from that judgment entry that appellant timely filed the instant appeal and now asserts the following assignment of error:
 "The Trial Court erred and abused its discretion in not upholding the express terms of the contract between the parties."
 In his sole assignment of error, appellant contends that the trial court erred when it awarded appellee $2,000.
To prevail on an appeal, an appellant must affirmatively demonstrate, through reference to the record of the proceeding before the trial court, that the trial court committed error.James v. Apel (June 30, 1999), Trumbull App. No. 98-T-0089, unreported, at 5. In James, this court stated that pursuant to App.R. 9, an appellant has an affirmative duty to provide this court with a sufficient record, which may include any relevant papers, exhibits, judgment entries, transcripts, and other evidential documents in order to demonstrate the claimed error.Id. Moreover, a trial court's decision will not be overturned where it is supported by competent, credible evidence going to all the elements of the case. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, quoting C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 280. In reviewing an appellant's case, an appellate court is bound entirely by the record presented to it and cannot consider evidence outside of the record. James, supra, unreported, at 5. Additionally, in Butler v. Akron Gen. Med. Ctr.
(Oct. 25, 1995), Summit App. No. 17187, unreported, at 1, 1995 WL 622939, the Ninth District Court of Appeals stated:
 "Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the appellant's assignments of error. . . . `When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" (Citations omitted.)
 In the instant matter, appellant failed to supply this court with a transcript of the proceedings before the municipal court or a statement, which conforms with App.R. 9(C) or (D). Absent a transcript from the September 12, 1998 hearing or an appropriate statement authorized by the Appellate Rules, we must presume the regularity of the proceedings, that the trial court interpreted the facts correctly, and the validity of the trial court's judgment. Id.; Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 21; Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199.
When a party seeks an appeal, an appellant bears the burden of demonstrating error by reference to the record of the proceedings below and it is the appellant's duty to provide the reviewing court with an adequate transcript, unless the issues involved may be resolved without a transcript or authorized statement. Knapp,61 Ohio St.2d at 199. The procedures for making the transcript, or a suitable alternative, a complete part of the record are contained within App.R. 9. As previously mentioned, in the absence of an adequate record, a reviewing court must presume the presence of sufficient evidence to support the trial court's decision. Wells v. Spirit Fabricating, Ltd. (1996), 113 Ohio App.3d 282,288-289, citing Bates Springer, Inc. v. Stallworth
(1978), 56 Ohio App.2d 223, 229.
In the case at hand, since appellant has not submitted a transcript of the September 12, 1998 proceedings before the municipal court, we are unable to address the merits of appellant's claim. Hence, the record is inadequate to demonstrate an error. Because appellant failed to utilize the alternatives set forth in App.R. 9(C) and (D), a statement in lieu of the record, which states what occurred during the hearing, even if the trial court did make some error, appellant waived any right to this claim by not following the App.R. 9 procedures. Id. at 288.
Additionally, it is an appellant's duty to provide a record of the trial court's proceedings that is necessary for the resolution of his appeal even if, through no fault of the appellant, a verbatim transcript of the proceedings below is unavailable. Inre Wilson (Mar. 31, 1999), Lorain App. No. 98CA007128, unreported, at 2, 1999 WL 195566; State v. Bishop (July 19, 1995), Summit App. No. 16988, unreported, at 1, 1995 WL 434384. Without a transcript or an App.R. 9 substitute, "[a] party, having the duty of instituting the preparation of a record for the purpose of appeal, may not sit idly by and then predicate reversal upon the basis of a `silent record.'" E. Cleveland v. Dragonette (1972), 32 Ohio St.2d 147,149. Consequently, because the record is devoid of the evidence presented upon consideration of which the trial court rendered its judgment, we are unable to evaluate the merits of appellant's assignment of error.
Nevertheless, money damages awarded for breach of contract are designed to place an aggrieved party in the same position he or she would have been had the contract not been breached. SchulkeRadio Productions, Ltd. v. Midwestern Broadcasting Co. (1983),6 Ohio St.3d 436, 439. Contract damages may only be compensatory.Lake Ridge Academy v. Carney (1993), 66 Ohio St.3d 376, 381. Liquidated damages, damages provided for in the event of a breach, which are consistent with the principle of compensation, are permitted. Id. However, when a stipulated damages provision is challenged, it is to be considered in light of what the parties knew when the contract was formed, and in light of an estimate of the actual damages. Id. at 381-382.
 "Where the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty, if the damages would be (1) uncertain as to amount and difficult of proof, and if (2) the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and if (3) the contract is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach thereof." Samson Sales, Inc. v. Honeywell, Inc. (1984), 12 Ohio St.3d 27, syllabus.
 Notwithstanding any contract provisions to the contrary, which we cannot identify from the record as having been submitted to the magistrate or the trial court in the respective proceedings before them, it is apparent that the trial court proceeded on a theory of quantum meruit. "[U]nder quantum meruit, appellee is entitled to the reasonable value of the benefit conferred upon appellant." First Fed. S. L. Assn. of Warren v. A M Towing Road Serv., Inc. (Mar. 27, 1998), Trumbull App. No. 97-T-0028, unreported, at 11.[2]
Therefore, absent some basis in the record that the trial court lost its way in resolving the conflict, we cannot say that the court erred in deciding to award appellee a portion of his advance payment. Accordingly, appellant's assignment of error is not well-taken.
The judgment of the Girard Municipal Court is affirmed.
NADER, J., O'NEILL, J., concur.
[1] We note that the caption of the complaint lists appellee as "Norma Enterprises — Mark Buckley" and lists appellant as "Eric Ollila dba Eranco Inc."
[2] Although the case file contains a listing agreement ostensibly entered into by the parties here, which includes a clause providing for liquidated damages, we cannot assume or determine that it was introduced in the proceedings before either the magistrate or the trial judge without the benefit of a transcript of proceedings or a proper statement in lieu of such transcript.