OPINION
Defendant-appellant Louis W. Shurman appeals his convictions and sentences entered by the Canton Municipal Court on two counts of falsification, in violation of R.C. 2921.13, following a bench trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On September 15, 1999, Adam E. Artimez, an inspector with the City of Canton Code Enforcement Department, filed two complaints in the Canton Municipal Court, charging appellant with falsification. The complaints specifically alleged appellant submitted to the City of Canton Code Enforcement Department two documents purporting to be bonafide furnace inspection reports from licensed contractors. The complaints further alleged said documents were altered, forged, or falsified for the purpose of misleading a public official in performing his official function and/or for the purpose of securing from the City of Canton the issuance of a certificate of occupancy for property and structures located at 1215 High Avenue, NW, Canton, Ohio, and 1747 Fifth Street, SE, Canton, Ohio. After appellant failed to appear for his arraignment, the trial court issued a warrant for his arrest on September 30, 1999. Appellant was subsequently arrested on the warrant. At his arraignment on November 15, 1999, the day on which he was arrested, appellant entered a plea of not guilty to the complaints. Thereafter, on November 29, 1999, appellant filed a Motion for Discovery, requesting the trial court order the State to furnish him with a witness list and copies of all documents and exhibits pertaining to the matter. The trial court overruled the motion as premature because appellant failed to first make a written request to the State for the discovery sought. On December 30, 1999, five days before the scheduled trial date, appellant filed a request for jury trial, which the trial court overruled as untimely. The matter proceeded to trial before the court on January 4, 2000. After hearing all the evidence and consideration thereof, the trial court found appellant guilty of both counts of falsification. The trial court sentenced appellant to a term of imprisonment of 180 days in the Stark County Jail on each count, and ordered the sentences be served consecutively. Additionally, the trial court ordered appellant to pay a fine of $500, plus court costs. Upon motion of appellant, the trial court permitted appellant to serve the 360 days in the electronically monitored house arrest program. The trial court memorialized the convictions and sentences via Judgment Entry filed January 6, 2000. It is from these convictions and sentences appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN FINDING THE APPELLANT GUILTY ON COUNT 2 (THE CHARGE RELATED TO 1747 FIFTH STREET S.E.) AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT A JURY TRIAL.
 III. THE TRIAL COURT ERRED IN FORCING THE APPELLANT TO TRIAL WITHOUT THE DISCOVERY HE HAD DEMANDED.
 IV. THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT WITHOUT TAKING INTO ACCOUNT THE CONSIDERATIONS IN OHIO REVISED CODE 2929.22, 2929.12 (C) AND (E).
 II
Because appellant's second assignment of error is dispositive of his entire appeal, we shall address said assignment of error first. In his second assignment of error, appellant maintains the trial court erred in failing to grant his request for a jury trial. Crim.R. 5(A) provides, in pertinent part: When a defendant first appears before a judge or magistrate, the judge or magistrate shall permit the accused or his counsel to read the complaint or a copy thereof, and shall inform the defendant:
* * *
 (5) Of his right, where appropriate, to jury trial and the necessity to make demand therefor in petty offense cases.
At appellant's arraignment on November 15, 1999, the following dialog transpired between the trial court and appellant:
 MR. BACA [ASSISTANT CITY PROSECUTOR]: Louis Shurman. State of Ohio versus Louis Shurman, Case No. 99 CRB 4199, Two Counts of Falsification. Plaintiff [sic] received a copy of the complaint.
 THE COURT: All right, Mr. Shurman, . . . You were booked on a warrant for failing to appear at an arraignment on Two Counts of Falsification. This is a, they are both misdemeanors of the first degree. They carry maximum possible penalties of six months in jail and a possible thousand-dollar fine. To these charges, sir, how do you wish to plead?
 BY [APPELLANT]: Umm, Not Guilty, Your Honor; [sic] I'm, I'm kind of in the dark here — I, I was just over at landlord's court . . .
THE COURT: Okay, you know what — . . .
BY [APPELLANT]: . . . and they brought me. . .
 THE COURT: — we'll, we'll serve copies of the com., — he needs to get copies of the complaint on this.
BY [APPELLANT]: . . . I. . .
THE COURT: Do, do you have them?
BY [APPELLANT]: Yes.
* * *
THE COURT: Okay.
BY [APPELLANT]: Umm, . . .
 MR. BACA: . . . Pretrial Conference will be set in front of Judge Belden on November 22nd at 9:00 A.M. .
BY [APPELLANT]: Can I get a copy of the allegations?
THE COURT: You have them.
 BY [APPELLANT]: Oh. This is what I falsified or something? Or made a statement to a police officer?
THE COURT: Or a public official, u-mmm.
BY [APPELLANT]: Oh, okay.
Transcript of Arraignment at 5-6.
Appellant was charged with two counts of falsification, in violation of R.C. 2921.13, first degree misdemeanors punishable by a maximum fine of $1,000 and a maximum term of imprisonment of six months. R.C. 2921.21. An accused charged with an offense which constitutes a first degree misdemeanor is entitled to a trial by jury. R.C. 2945.19; Section 10 Article I, Ohio Constitution. Pursuant to Crim.R. 5(A)(5), the trial court must inform an accused of his right to a jury trial during the accused's initial court appearance. It is mandatory the trial court satisfy this rule. State v. Boerst (1973), 45 Ohio App.2d 240, 241. The trial court's failure to comply with Crim.R. 5(A)(5) invalidates the entire proceeding. Id. (Citation omitted). The transcript of appellant's arraignment reveals the trial court failed to inform him of his right to be tried by a jury. As a result of the trial court's failure to satisfy Crim.R. 5(A)(5), the entire proceeding against appellant is invalid. Accordingly, appellant's second assignment is well taken and sustained.
 I, III, IV
In light of our disposition of appellant's second assignment of error, appellant's first, third, and forth assignments of error are moot. The judgment of the Canton Municipal Court is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
 _________________________ Reader V.J.
By: Gwin, P.J. and Edwards, J. concur