OPINION
Defendant-appellant James Stewart appeals his conviction and sentence from the Coshocton County Municipal Court on one count of assault in violation of 2903.13(A). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On November 21, 2000, James Watson swore an affidavit and complaint against appellant alleging that appellant had assaulted him in violation of R.C. 2903.13(A), a misdemeanor of the first degree. At his arraignment on November 27, 2000, appellant, who was unrepresented by counsel, entered a plea of not guilty and the trial court provisionally appointed the Public Defender to represent him. In addition, a trial date was set for December 22, 2000.
Pursuant to a motion filed on November 27, 2000, the Public Defender filed a Motion to Withdraw as Counsel since it was representing appellant's co-defendant and, therefore, had a conflict of interest. As memorialized in a Judgment Entry filed the next day, the trial court granted such motion and appointed Attorney William Owens to represent appellant. On November 29, 2000, a Motion to Withdraw as counsel was filed by Attorney William Owens. Owens, in his motion, indicated that he had not been consulted prior to his appointment, that he had "potential personality differences" with appellant, and that, since he had approximately ten pending indigence matters, he lacked the time to handle appellant's case. Via a Judgment Entry filed on November 30, 2000, the trial court granted Owens' motion and appointed Attorney Patrick Williams to represent appellant.
The next day, December 1, 2000, Williams also filed a Motion to Withdraw as counsel since he had prosecuted appellant numerous times in Juvenile Court and since he "(just last week) also had an unfavorable discussion regarding the tone of voice and the actions towards the secretaries at the Public Defender's office as the defendant was filling out his affidavit for representation." As memorialized in a Judgment Entry filed four days later, the motion to withdraw was granted and Attorney Charles Mathay was appointed as new counsel. However, on December 11, 2000, Mathay also filed a motion seeking to withdraw as counsel since he did not consent to the appointment, and since he previously had represented appellant in a criminal matter "with great difficulty with the result that the attorney/client relations were severely strained" due to appellant's "unreasonable requests". Finally, Attorney Jeff Kellogg was appointed as counsel pursuant to a December 12, 2000, Judgment Entry.
A Motion for a Continuance of the December 29, 2000,[1] trial date was filed by Attorney Kellogg on December 22, 2000. Kellogg, in such motion, sought a 30 day continuance of the trial date since he had not made contact with appellant until December 20, 2000, and needed additional time to prepare a defense, subpoena witnesses and prepare for trial.
After the trial court denied the motion, a bench trial was held on December 29, 2000. The trial court, as memorialized in a Judgment Entry filed on December 29, 2000, found appellant guilty of assault, sentenced appellant to 30 days in jail and fined appellant $400.00 and court costs.
It is from his conviction and sentence that appellant now prosecutes his appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED AND THE APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FAILED TO FOLLOW THE DICTATES OF CRIMINAL RULE 5 AT THE APPELLANTS [SIC] INITIAL APPEARANCE.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED AND THE APPELLANT WAS DENIED DUE PROCESS OF LAW AND HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE COURT PERMITTED THE WITHDRAWAL OF ATTORNEY WILLIAM OWENS WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING CONCERNING THE GROUND FOR SAID WITHDRAWAL AND MAKING A DETERMINATION THAT SAID WITHDRAWAL WAS MADE IN CONFORMANCE WITH THE CODE OF PROFESSIONAL RESPONSIBILITY.
 ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED AND THE APPELLANT WAS DENIED DUE PROCESS OF LAW AND HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE COURT PERMITTED THE WITHDRAWAL OF ATTORNEY PATRICK WILLIAMS WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING CONCERNING THE GROUNDS FOR SAID WITHDRAWAL AND MAKING A DETERMINATION THAT SAID WITHDRAWAL WAS MADE IN CONFORMANCE WITH THE CODE OF PROFESSIONAL RESPONSIBILITY.
 ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ERRED AND THE APPELLANT WAS DENIED DUE PROCESS OF LAW AND HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE COURT PERMITTED THE WITHDRAWAL OF ATTORNEY CHARLES MATHAY WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING CONCERNING THE GROUNDS FOR SAID WITHDRAWAL AND MAKING A DETERMINATION THAT SAID WITHDRAWAL WAS MADE IN CONFORMANCE WITH THE CODE OF PROFESSIONAL RESPONSIBILITY.
 ASSIGNMENT OF ERROR V
 THE APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FAILED TO GRANT HIS REQUEST FOR A CONTINUANCE MADE EIGHT DAYS PRIOR TO THE DATE SCHEDULED FOR TRIAL.
 ASSIGNMENT OF ERROR VI
 THE APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF ASSAULT WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED BY THE STATE.
 ASSIGNMENT OF ERROR VII
 THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant, in his first assignment of error, argues that appellant was denied due process of law by the trial court's failure to comply with the dictates of Crim.R. 5 at appellant's initial appearance. We agree.
Crim.R. 5, which governs initial appearances and preliminary hearings, states, in relevant part, as follows:
(A) Procedure upon initial appearance
 When a defendant first appears before a judge or magistrate, the judge or magistrate shall permit the accused or his counsel to read the complaint or a copy thereof, and shall inform the defendant:
(1) Of the nature of the charge against him;
 (2) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Crim. R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel;
 (3) That he need make no statement and any statement made may be used against him;
 (4) Of his right to a preliminary hearing in a felony case, when his initial appearance is not pursuant to indictment;
 (5) Of his right, where appropriate, to jury trial and the necessity to make demand therefore in petty offense cases.
The following colloquy took place during appellant's initial appearance before the Coshocton Municipal Court on November 27, 2000:
 THE BAILIFF: Case Number CRB-0000799, State of Ohio vs. James Stewart. In the Coshocton Municipal Court of Coshocton County, Ohio, James A. Watson, being first duly cautioned and sworn, deposeth and sayeth that one James L. Stewart, on or about the 19th day of November 2000, in the county of Coshocton, state of Ohio, did knowingly cause or attempt to cause physical harm to another in violation of Section 2903.13(A) of the Ohio Revised Code.
THE COURT: All right. You are James Stewart?
THE DEFENDANT: Yes, sir.
 THE COURT: Mr. Stewart, did you receive a copy of the complaint before coming here?
THE DEFENDANT: Huh-uh.
THE COURT: Huh?
THE DEFENDANT: Nope.
THE COURT: You didn't get a copy of this?
THE DEFENDANT: No.
THE COURT: Are you sure about that?
THE DEFENDANT: I'm sure, because this all ain't true.
 THE COURT: Well, this says on the 21st of November they took you into custody. And then — you've been served with a warrant —
 THE DEFENDANT: Well, they took me into custody. I was — so, you know, what I'm saying.
THE COURT: They gave you a copy of this, didn't they?
 THE DEFENDANT: No. They told me to appear at 10 o'clock.
 THE COURT: So you're here, and you just had your charges read. You understand what you're charged with, don't you?
THE DEFENDANT: No.
THE COURT: Assault.
THE DEFENDANT: I didn't assault no one.
THE COURT: Well, you're going to plead not guilty?
 THE DEFENDANT: I want to plead not guilty. But I know how the system works. I want to take a lie detector test if that's —
 THE COURT: Well, we'll enter a not guilty plea for you and set it down for trial to the court. Are you going to hire a lawyer?. . .
THE DEFENDANT: Well, when is my trial date?
 THE COURT: Well, I'm going to give it to you here. Trial is going to be set for December 22 at 3 in the afternoon.
 THE DEFENDANT: Well, now, what happens if you're found guilty at a trial?
THE COURT: And then — you've already posted bond?
THE DEFENDANT: Yeah, I posted bond.
 THE COURT: All right. We're going to continue bond. We'll make a provisional appointment of the public defender. . . .
Transcript of November 27, 2000. hearing at 2-6.
From the above, it is clear that the trial court did not comply with the dictates of Crim.R. 5(A) at the time of appellant's initial appearance. In the case sub judice, appellant was charged with one count of assault in violation of R.C. 2903.13, a misdemeanor of the first degree punishable by a maximum fine of $1,000.00 and a maximum term of imprisonment of six months. R.C. 2929.21. An accused charged with an offense which constitutes a first degree misdemeanor is entitled to a trial by jury. R.C. 2945.17; Section 10 Article I, Ohio Constitution. Pursuant to Crim. R. 5(A)(5), the trial court must inform an accused of his right to a jury trial during the accused's initial court appearance. It is mandatory the trial court satisfy this rule. See State v. Boerst
(1973), 45 Ohio App.2d 240, 241; State v. Shurman (July 24, 2000), Stark App. No. 2000CA0009, unreported. A trial court's failure to comply with Crim. R. 5(A)(5) invalidates the entire proceeding. See Boerst, supra. and Shurman, supra.[2]
The transcript of appellant's arraignment clearly reveals that the trial court, among other matters, failed to inform appellant, who was unrepresented by counsel at such time, of his right to be tried by a jury. As a result of the trial court's failure to satisfy Crim. R. 5(A)(5), the entire proceeding against appellant is invalid. SeeShurman, supra. We note that appellee cites to Hamilton v. Brown
(1981), 1 Ohio App.3d 165 for the proposition that when an accused is represented by counsel, pleads not guilty and proceeds to trial without objection, there is a waiver of the requirement set forth in Crim. R. 5(A). However, such case can be distinguished on the basis that, unlike in the case sub judice, the appellant was represented by counsel at the time of her initial appearance. Accordingly, appellant's first assignment is well taken and sustained.
 II, III, IV, V, VI VII
In light of our disposition of appellant's first assignment of error, appellant's second, third, fourth, fifth, sixth and seventh assignments of error are moot.
Accordingly, the judgment of the Coshocton Municipal Court is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Coshocton County Municipal Court is reversed and the matter remanded for further proceedings consistent with this opinion and the law. Costs to appellee.
Hon. Julie Edwards, P.J. Hon. John Wise, J. Hon. John Boggins, J. concurs.
[1] Pursuant to a Judgment Entry filed on December 12, 2000, the trial court had rescheduled the trial to December 29, 2000.
[2] In Shurman, the appellant was charged with two counts of falsification, both first degree misdemeanors. Following a bench trial, the appellant was found guilty of both counts. Since the trial court had failed to advise the appellant of his right to a jury trial at the time of the appellant's arraignment, this Court reversed the judgment of the trial court, holding that "[a]s a result of the trial court's failure to satisfy Crim. R. 5(A)(5), the entire proceeding against appellant is invalid."