OPINION
Defendant-appellant Rodney Hutson appeals from his conviction and sentence, following a bench trial, for Petty Theft and Criminal Trespassing. Hutson contends that the trial court erred by denying his request for a jury trial and for new counsel. Hutson contends that his trial counsel rendered ineffective assistance, and that the trial court erred by having failed to advise him, at his arraignment, that he had to demand a jury if he wanted one.
We conclude that the trial court erred by failing to advise Hutson of the need to demand a jury at his initial appearance, as required by Crim.R. 5, and that this error prejudiced him since it led to his failure to make a timely jury demand. In view of our disposition of this matter, we find it unnecessary to reach Hutson's additional claims that the trial court erred in denying his request for new counsel because his present counsel was ineffective.
The judgment of the trial court is Reversed, and this cause is Remanded for a jury trial.
 I
Hutson was charged with two counts of Petty Theft and one count of Criminal Trespassing. He initially appeared before the court on August 21, 2000. On October 3, 2000 a notice of trial was filed, which scheduled trial for October 17, 2000. Trial counsel, Gary L. Titus, filed a jury demand on October 16, 2000 at 6:27 P.M.
On the day of trial with no jury present, Hutson again asked for a jury trial and asked for new counsel. Titus also made an oral motion for a continuance in order to schedule a jury trial, and to withdraw as counsel. The court overruled both motions and proceeded to a bench trial. Hutson was acquitted on one Petty Theft charge, but was convicted of the other Petty Theft charge and the Criminal Trespassing charge. From that judgment, Hutson appeals.
 II
Hutson raises four assignments or error:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT DEFENDANT'S REQUEST FOR A JURY TRIAL
 THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO APPOINT NEW COUNSEL FOR THE DEFENDANT WHEN IT WAS EVIDENT THAT THE DEFENDANT DID NOT WISH TO PROCEED WITH CURRENT COUNSEL
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO COMPLY WITH THE REQUIREMENTS OF OHIO CRIMINAL RULE 5
 TRIAL COUNSEL'S PERFORMANCE WAS INEFFECTIVE ASSISTANCE OF COUNSEL AND FELL BELOW AN OBJECTIVE STANDARD OF REPRESENTATION
We begin our analysis with Hutson's third assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO COMPLY WITH THE REQUIREMENTS OF OHIO CRIMINAL RULE 5 Crim.R. 5(A)(5) states:
 When a defendant first appears before a judge or magistrate, the judge or magistrate shall permit the accused or his counsel to read the complaint or a copy thereof, and shall inform the defendant:
. . .
 (5) Of his right, where appropriate, to jury trial and the necessity to make a demand therefor in petty offense cases.
In light of the fundamental importance of the right to a jury trial, this requirement is mandatory. Cf. State v. Boerst (1973),45 Ohio App.2d 240, 343 N.E.2d 141, 142, syllabus (provisions of R.C.2937.02 to 2930.07, which have been superseded by Crim.R. 5, are mandatory). A silent record does not demonstrate that the trial court complied with the rule. Id.
At Hutson's initial appearance, the court did not state that it would be necessary for him to demand a jury prior to trial, as required by Crim.R. 5(A)(5). Nevertheless, when Hutson appeared for his trial and asked the court for a jury, the court advised him:
 The controlling rule here is Criminal Rule 23 that reads: In petty offense cases where there's a right of jury trial, the defendant shall be tried by the Court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of courts not less than ten days prior to the date set for trial or on or before the third day following the receipt of notice of the date set for trial, whichever is later. The Court's going to find that the defendant has failed to file a written jury demand as required by the rules within the time limit set by the rules, therefore, the request for the jury demand — or the request for jury trial is denied as not timely —
Petty theft and criminal trespassing are petty offense cases. Crim.R. 2. Under Crim.R. 23 a defendant must request a jury trial for petty offense cases "[I]n writing and . . . not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later." Failure to demand a jury trial within this time frame operates as a complete waiver of the right.
The State contends that Hutson waived his right to a jury trial because he waited too long to inform his attorney that he wanted a jury trial. Hutson argues that he did tell his attorney, before his time to make a jury demand ran out, that he wanted a jury. Even if the State is factually correct, Hutson may not have understood that he had to do anything to preserve his right to a jury trial. A lay person probably would not realize that the right to a jury trial can be waived through inaction. That is a good reason for the requirement in Crim. R. 5(A)(5) that the trial court personally inform a defendant in a petty offense case of the need to make a jury demand if a jury is desired.
Hutson acknowledges his failure to have made a timely request for a jury trial under Crim.R. 23. Hutson argues that the trial court's failure to comply with Crim.R. 5 resulted in prejudicial error to him. We agree. We conclude that the failure of the trial court to inform Hutson of his responsibility to demand a jury trial prior to the date of trial violated Crim.R. 5(A)(5), and constitutes prejudicial error. State v. Garris (1998), 128 Ohio App.3d 126, 130, 713 N.E.2d 1135, 1138. Thus, Hutson's third assignment of error is sustained.
 III
Hutson's first, second, and fourth assignments of error have been rendered moot by our resolution of his third assignment of error. App.R. 12(A)(1)(c). He may, however, raise his speedy trial and motion to suppress issues before the trial court, without prejudice, should he be so inclined. The outcome of a motion for discharge under the speedy trial statute and the motion to suppress may require the resolution of disputed issues of fact.
 IV
Hutson's third assignment of error having been sustained, rendering his other assignments of error moot, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
WOLFF, P.J., and GRADY, J., concur.