OPINION
{¶ 1} Defendant-appellant A.P. O'Horo Company appeals the June 2, 2005 Judgment Entry entered by the Trumbull County Court of Common Pleas, granting judgment in favor of plaintiff-appellee Eastern Natural Gas Company.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Eastern Natural Gas Company ("ENG") is a public utility company, certified by the Public Utilities Commission of Ohio to provide natural gas service for all members of the public in its service area in Northeast Ohio. ENG is a limited partner in the Ohio Utility Protection Services Program. Pursuant to this program, any public or private persons or entities working in an area which has underground natural gas pipelines must contact ENG directly and request the locations of those lines be marked prior to any work in the area.
 {¶ 3} Sometime during the spring of 2003, A.P. O'Horo Company ("O'Horo") accepted a contract with the Ohio Department of Transportation to install a new storm sewer at the intersection of State Route 7 and State Route 82, in the township of Brookfield, Trumbull County, Ohio. As required by the Ohio Utility Protection Services, O'Horo contacted ENG on July 17, 2003, and requested the locations of any gas lines be marked accordingly. O'Horo specifically requested the line marking for the area located 700 feet north of the actual intersection. ENG promptly marked the locations. O'Horo did not commerce work on the project until September, 2003.
 {¶ 4} On September 6, 2003, during the installation of the storm sewer, an O'Horo employee, operating a large backhoe, struck a natural gas pipeline. As a result, a tap to the main natural gas line was seared off, creating a condition known as "blowing gas". The damages from this situation exceeded $2,800.
 {¶ 5} On April 9, 2004, ENG filed a Complaint against O'Horo, seeking damages resulting from the ruptured gas line. O'Horo filed an answer on May 7, 2004. The matter proceeded through discovery. The trial court conducted a bench trial on April 19, 2005. Following the trial, the parties filed respective post-trial briefs. Via Judgment Entry filed June 2, 2006, the trial court granted judgment in favor of ENG, finding O'Horo had actual notice of the gas line.
 {¶ 6} It is from this judgment entry O'Horo appeals, raising the following assignment of error:
 {¶ 7} "THE COURT ERRED IN ITS INTERPRETATION OF ORC 153.64(D) BY FINDING THAT THE DEFENDANT WAS AWARE OF THE RESIDENTIAL UTILITY LINE STRUCK WHEN THE EVIDENCE SHOWED THAT DEFENDANT WAS ONLY MADE AWARE AND WAS ONLY ACTUALLY AWARE OF THE MAIN LINE WHICH WAS NOT STRUCK."
 {¶ 8} Before addressing the merits of O'Horo's assignment of error, we must discuss the state of the record before this Court. An appellant has the duty to provide this Court with the necessary transcripts of the record below in order to demonstrate any claimed error. See, App.R. 9; State v. Fisher (June 27, 1997), 11th Dist. No. 96-P-0242, 1997 Ohio App. LEXIS 2827, at 3. "When parts of the record necessary for the resolution of the assigned errors are omitted, there is nothing for the reviewing court to pass upon." State v. Johnson (July 24, 1992), 11th Dist. No. 91-L-107, 1992 Ohio App. LEXIS 3824, at 5. "Thus, the reviewing court must presume the regularity of proceedings below and affirm." Id., citing Knapp v. Edwards Laboratories (1980),61 OhioSt.2d 197, 199.
 {¶ 9} "Additionally, it is an appellant's duty to provide a record of the trial court's proceedings that is necessary for the resolution of his appeal even if, through no fault of the appellant, a verbatim transcript of the proceedings below is unavailable. * * * Without a transcript or an App.R. 9 substitute, `[a] party, having the duty of instituting the preparation of a record for the purpose of appeal, may not sit idly by and then predicate reversal upon the basis of a "silent record".' E. Cleveland v. Dragonette (1972), 32 Ohio St.2d 147, 149
* * *. Consequently, because the record is devoid of the evidence presented upon consideration of which the trial court rendered its judgment, we are unable to evaluate the merits of appellant's assignment of error." Buckley v. Ollila (Mar. 3, 2000), 11th Dist. No. 98-T-0177, 2000 Ohio App. LEXIS 787, at 7. (Citations and parallel citations omitted.)
 {¶ 10} The April 19, 2005 bench trial was recorded on audiotape, however, when the court reporter listened to the tape, the tapes were blank, making a transcript unavailable. On September 19, 2005, O'Horo filed a Statement of the Evidence Pursuant to Ohio Rule of Civil [sic] Procedure 9(C). ENG filed Amendments and Objections to Appellant's Proposed Statement of Evidence on September 28, 2005. The trial court did not settle and approve the statement.
 {¶ 11} Via Judgment Entry filed November 9, 2005, the Eleventh District Court of Appeals struck O'Horo's statement of the evidence and ENG's amendments and objections due to "the parties' failure to follow the guidelines set forth in App.R. 9(C). Specifically, the statement and objections must be filed in the trial court and approved by the trial court." Nov. 9, 2005 Judgment Entry. O'Horo did not take any action following the Eleventh District's issuing the November 9, 2005 Judgment Entry. Hence, the record is inadequate to demonstrate the error alleged.
 {¶ 12} Absent an appropriate statement authorized by the Appellate Rules, we must presume the regularity of the proceedings below and affirm. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 21;Knapp, supra, at 199.
 {¶ 13} For the foregoing reason, O'Horo's sole assignment of error is overruled. The judgment of the Trumbull County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur
 JUDGEMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Trumbull County of Common Pleas is affirmed. Costs assessed to appellant.