[Cite as *State v. Lusane*, 2019-Ohio-5058.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2019-P-0056** |
| - vs - | : | |
| MATTHEW M. LUSANE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Municipal Court, Kent Division, Case No. 2005 TRC 4525 K.

Judgment:  Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*Matthew Lusane*, pro se, A660-925, Trumbull Correctional Camp, 5701 Leavittsburg, Ohio 44430 (Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Matthew M. Lusane, appeals the denial of his post-sentencing motion to vacate his no contest plea to operating a motor vehicle while intoxicated ("OVI"). He argues the motion should have been granted because the trial court committed multiple plain errors in accepting his plea and finding him guilty.  We affirm.

{¶2}    Appellant raises one assignment of error:

{¶3}    "The lower court abused its discretion by denying appellant's motion to

vacate the OVI pursuant to Crim.R. 52(B) where, in 2005, it failed to comply with Ohio Revised Code Section 2937.07 and Criminal Rules of Procedure 11, 22, 44."

{¶4} The issues raised in Lusane's assignment could have been raised on direct appeal, and therefore, are barred by res judicata, regardless of whether they might be characterized as plain error. *State v. Haynes*, 2d Dist. Clark No. 2013 CA 90, 2014-Ohio-2675, ¶ 14. *See, also, State v. Strickland*, 10th Dist. Franklin No. 14AP-307, 2014-Ohio-5105, ¶ 15, quoting *State v. Ayala*, 10th Dist. Franklin No. 12AP-1071, 2013-Ohio-1875, ¶ 13 ("the plain-error standard in Crim.R. 52(B) is available only on direct appeal and 'does not create a free-standing procedure to obtain review otherwise.'"); *State v. Abdul*, 8th Dist. Cuyahoga No. 103510, 2016-Ohio-3063 ¶ 10. The plain error doctrine does not suspend the application of res judicata. *State v. Amos*, 7th Dist. Belmont No. 19 BE 0003, 2019-Ohio-3651, ¶ 18; *State v. Dominguez*, 2d Dist. Montgomery No. 26853, 2016-Ohio-5051, ¶ 10 (res judicata precludes consideration of an allied-offense argument, even in the context of plain error, because it could have been raised on direct appeal).

{¶5} Appellant next argues that since a transcript of his plea is unavailable, we must presume that proper procedures were not followed. However, the cases cited in support, *State v. Boerst*, 45 Ohio App.2d 240, 343 N.E.141 (9th Dist.1973) and *City of Garfield Heights v. Brewer*, 17 Ohio App.3d 216, 479 N.E.2d 309 (8th Dist.1984), are readily distinguishable in that they involve direct appeals from convictions. This is not a direct appeal. It is an appeal from a motion to vacate. Therefore, *Boerst* and *Brewer* do not apply. As stated, res judicata bars appellant's arguments with or without a transcript.

{¶6} Last, appellant's requests that this court certify a conflict with *Brewer* and provide en banc consideration are premature:

{¶7} "A motion to certify conflict under Article IV, Section 3(B)(4) of the Ohio Constitution shall be made in writing no later than ten days *after* the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App.R. 30(A)." App.R. 25(A). (Emphasis added.)

{¶8} Similarly, an application for en banc consideration must explain how this decision conflicts with a prior panel's decision on a dispositive issue and why consideration en banc is necessary to maintain uniformity. See App.R. 26(A)(2)(a)-(c). This rule necessarily requires that a decision be issued before application.

{¶9} Appellant's sole assignment lacks merit, and the judgment of the Portage County Municipal Court, Kent Division, is affirmed.

TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.