DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Julie Clemmons, appeals from the Juvenile Division of the Ross County Common Pleas Court's decision and judgment entry terminating her parental rights and responsibilities and placing her children, Chandra Maxwell and Cedric Lansing, in the permanent custody of the Ross County Job and Family Services Children's Division. Appellant raises three assignments of error, contending that: (1) the trial court made an implied finding of parental abandonment, which constituted reversible error, alleging that R.C. 2151 unconstitutionally denies parents substantive due process rights under both the Ohio and United States Constitutions, both on its face and as applied; (2) the trial court erred by failing to consider and weigh the best interests factors contained in R.C. 2151.414(D); and (3) the guardian ad litem failed to represent the legal interests of the children in recommending termination of parental rights. Because we find that Appellant failed to file objections to the Magistrate's Decision with the trial court in compliance with Civ.R. 53(E)(3)(a), and because there exists no plain error, we affirm the decision of the trial court.
 {¶ 2} The record reveals the following facts pertinent to this appeal. On August 22, 2003, Appellant entered into a voluntary agreement with the Ross County Department of Jobs and Family Services ("RCJFS") for the care of her minor children, Chandra Maxwell and Cedric Lansing. The agreement was extended on September 13, 2003, and again on October 13, 2003, with the children finally being returned to Appellant on November 14, 2004. As a result of Appellant's failure to provide stable housing as well as her use of illegal drugs and refusal to seek drug treatment, on March 4, 2004, RCJFS filed motions alleging that the children were dependent children and requesting that the children be removed from the care of Appellant and placed in the temporary custody of RCJFS. The Ross County Court of Common Pleas, Juvenile Division granted RCJFS's motion for temporary custody the same day and the children were removed from their home immediately. The next day, the court appointed the children an attorney and guardian ad litem to serve in a dual capacity.
 {¶ 3} The matter proceeded to disposition on July 22, 2004, with all parties failing to appear. The court ordered that temporary custody of the children remain with RCJFS and that Appellant and Chandra's father complete inpatient drug treatment, follow-up drug testing, incorporated the previously approved case plan into the order and ordered that the parents of the children have supervised visitation only.
 {¶ 4} On August 31, 2004, the State filed a motion for permanent custody or, in the alternative, for a permanent planned living arrangement. This motion was based on (1) Appellant's failure to have any contact with the children since May 25, 2004; (2) Ronnie Maxwell's failure to have any contact with Chandra since April 19, 2004; and (3) Charles Murphy's failure to have any contact whatsoever with Cedric. Additionally, the motion was filed due to the parents' failure to make progress towards completion of the case plan and ultimately towards reunification.
 {¶ 5} On September 13, 2004, apparently after being informed that a motion for permanent custody had been filed, Appellant contacted her children via telephone from jail. Appellant was subsequently sentenced to additional jail time and inpatient drug treatment as a result of a community control violation. During the time Appellant remained incarcerated and/or in inpatient drug treatment, Appellant maintained telephone contact with her children and resumed supervised visitation upon her release in early 2005.
 {¶ 6} In the meantime, a pre-trial hearing on the motion for permanent custody was held on October 25, 2004, with Ronnie Maxwell, father of Chandra, being the only parent in attendance. The guardian ad litem's report was filed on February 15, 2005, recommending that the State be granted permanent custody. That same day, a review hearing was held as a follow-up to the previously granted motion for temporary custody and a hearing was held in the pending permanent custody proceedings. Appellant attended this hearing and requested that the court appoint counsel to represent her in the proceedings. Counsel was appointed for Appellant and a hearing on the motion for permanent custody was held on June 6, 2005.
 {¶ 7} Although Appellant appeared, Chandra's father failed to appear due to his incarceration and Cedric's father failed to appear as well. The court ordered that the parties file written arguments to the court by June 17, 2005.
 {¶ 8} Appellant filed her written argument to the court on June 16, 2005, contending that she had made progress towards the case plan and reunification. Specifically, Appellant asserted that she had obtained housing, had a bed for each child and clothes for each child, was gainfully employed, had completed inpatient drug rehabilitation, sought aftercare through Great Seal, at one point, and now through AA and NA. She asserted that she had tested negative for all drug tests since her release from rehab and had participated in 22 of 66 supervised visits. Appellant also asserted that she maintained telephone contact with her children during her incarceration and inpatient drug treatment and that she and her children were bonded.
 {¶ 9} The State filed its written argument to the court on June 17, 2005, asserting that Appellant had failed to remedy the conditions that led to the removal of the children. Specifically, the State argued that the parents failed to complete the case plan and exhibited a lack of commitment to the children. The State further argued that Appellant only sought inpatient drug treatment because the court ordered her to do so in connection with a community control violation. Finally, the State argued that Appellant failed to have any contact with her children from May 25, 2004 until August 29, 2004, and then, only contacted them by phone. As a result, the State argued that as of the date of the filing of the motion for permanent custody, the parents had abandoned the children.
 {¶ 10} On June 22, 2005, the Magistrate's Order was filed, granting the State's motion for permanent custody and terminating all parental rights and responsibilities of Appellant, as well as Ronnie Maxwell and Charles Murphy. That same day, the trial court filed its journal entry adopting the Magistrate's Order. No objections to the Magistrate's Order were filed by any party; however, Appellant timely filed a notice of appeal on August 18, 2005, assigning the following errors for our review.
 {¶ 11} "I. THE TRIAL COURT'S IMPLIED FINDING OF PARENTAL ABANDONMENT CONSTITUTES REVERSIBLE ERROR, IN THE CONTEXT OF A STATUTE THAT UNCONSTITUTIONALLY DENIES PARENTS SUBSTANTIVE DUE PROCESS RIGHTS UNDER BOTH THE OHIO AND UNITED STATES CONSTITUTIONS, BOTH ON ITS FACE AND AS APPLIED.
 {¶ 12} II. THE TRIAL COURT ERRED BY FAILING TO CONSIDER AND WEIGHT (SIC) THE BEST INTEREST FACTORS CONTAINED IN OHIO REVISED CODE SECTION 2151.414(D).
 {¶ 13} III. THE GUARDIAN AD LITEM FAILED TO REPRESENT THE LEGAL INTERESTS OF THE CHILDREN IN RECOMMENDING TERMINATION OF PARENTAL RIGHTS."
 {¶ 14} "The decision to adopt, reject, or modify a magistrate's decision will not be overturned on appeal unless the decision was an abuse of discretion." Knox v. Knox, Gallia App. No. 03CA13, 2004-Ohio-428, citing Wade v. Wade (1996),113 Ohio App.3d 414, 419, 680 N.E.2d 1305. An abuse of discretion is more than an error of judgment, but instead connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying an abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 15} Initially, we must address Appellee's contention that no objections were filed to the Magistrate's order in the court below. After a review of the record, we find that Appellee's contention has merit.
 {¶ 16} Appellant did not file objections to the Magistrate's order. Civ.R. 53(E)(3)(a) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to Civ.R. 53(E)(4)(c)." Additionally, and most importantly, Civ.R. 53(E)(3)(d) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Likewise, Juv.R. 40(E)(3)(d) provides for a waiver of the right to assign the trial court's adoption of a magistrate's order as error on appeal unless objections are filed, by stating "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 17} We have previously adhered to the objection requirements of both Civ.R. 53 and Juv.R. 40. See, Cunningham v.Cunningham, Scioto App. No. 01CA2810, 2002-Ohio-4094 (where the trial court decision was affirmed on appeal, without reaching the merits of the case, due to Appellant's failure to file objections to the magistrate's decision); See, also, In re Carter, Jackson App. No. 04CA15/04CA16, 2004-Ohio-7285 (where a delinquency adjudication was affirmed due to Appellant's failure to file objections to the magistrate's decision and where there was no plain error).
 {¶ 18} Generally, a party who fails to file objections to a magistrate's decision under Juv.R. 40(E)(3)(d) waives their right to appeal. In re Ohm (May 29, 1998), Ross App. No. 97CA2290.
However, if the error is clearly apparent on the face of the record and it is prejudicial to the appellant, the plain error doctrine will permit correction of judicial proceedings.Reichart v. Ingersoll (1985), 18 Ohio St.3d 220, 223,480 N.E.2d 802. Moreover, the plain error doctrine is applicable to Juv.R. 40(E)(3)(d). In re Etter (1998), 134 Ohio App.3d 484,492, 731 N.E.2d 694.
 {¶ 19} The plain error doctrine is applicable in civil cases only in the extremely rare case where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." Goldfuss v. Davidson, 79 Ohio St.3d 116,122-123, 1997-Ohio-401, 679 N.E.2d 1099. Because the termination of parental rights has been referred to as "the family law equivalent of the death penalty," In re Hayes (1997),79 Ohio St.3d 46, 48, 679 N.E.2d 680, we will conduct a plain error review of Appellant's assigned errors.
 {¶ 20} At the outset, we note it is well established that a parent's right to raise a child is an essential and basic civil right. In re Hayes (1997), 79 Ohio St.3d at 48. However, a parent may lose custody of a child to a non-parent if a court finds the parent unsuitable. In re Perales (1977),52 Ohio St.2d 89, syllabus, 369 N.E.2d 1047. A finding of unsuitability may be premised upon a determination that the parent abandoned the child. Id.
 {¶ 21} In her first assignment of error, Appellant argues that R.C. 2151.011(C), which provides that "a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days," is unconstitutional on its face and as applied. We considered this same argument in Inre Barnhart, Athens App. No. 02CA20, 2002-Ohio-6023. InBarnhart, the appellant argued, at the appellate level, that R.C. 2151.011(C) was unconstitutional, but failed to make that argument at the trial court level. Under those circumstances, we held that "[g]enerally, an appellate court may not consider any error that a party failed to raise during the trial court proceeding, including an attack on the constitutionality of a statute."[2] Id. Therefore, we held that appellant had waived the issue for purposes of appeal.
 {¶ 22} We find our previous reasoning in Barnhart
applicable to the facts sub judice. As in Barnhart, Appellant failed to challenge the constitutionality of R.C. 2151.011(C) at the trial court level and raises this issue for the first time on appeal. As a result, we find that Appellant has waived this issue for purposes of appeal. Accordingly, based upon the foregoing reasoning, we overrule Appellant's first assignment of error.
 {¶ 23} In her second assignment of error, Appellant contends that the trial court erred by failing to consider and weigh the best interest factors contained in R.C. 2151.414(D). A parent has a "fundamental liberty interest" in the care, custody, and management of his or her child and an "essential" and "basic civil right" to raise his or her children. Santosky v. Kramer
(1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599; In reMurray (1990), 52 Ohio St.3d 155, 156, 556 N.E.2d 1169, 1171. The parent's rights, however, are not absolute. Rather, "`it is plain that the natural rights of a parent * * * are always subject to the ultimate welfare of the child, which is the pole star (sic) or controlling principle to be observed.'" In reCunningham (1979), 59 Ohio St.2d 100, 106, 391 N.E.2d 1034
(quoting In re. R.J.C. (Fla.App. 1974), 300 So.2d 54, 58). Thus, the state may terminate parental rights when the child's best interests demand such termination.
 {¶ 24} R.C. 2151.413 permits a public children services agency that has temporary custody of a child to file a motion requesting permanent custody of the child. In considering a motion filed pursuant to R.C. 2151.413, the trial court must follow the guidelines set forth in R.C. 2151.414. R.C.2151.414(A)(1) requires the trial court to hold a hearing regarding the motion for permanent custody. The primary purpose of the hearing is to allow the trial court to determine whether the child's best interests would be served by permanently terminating the parental relationship and by awarding permanent custody to the agency. See R.C. 2151.414(A)(1).
 {¶ 25} We note that clear and convincing evidence must exist to support a permanent custody award. The Ohio Supreme Court has defined "clear and convincing evidence" as follows: "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." In re Estate of Haynes (1986),25 Ohio St.3d 101, 103-04, 495 N.E.2d 23; See, also, State v.Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54. In reviewing whether the lower court's decision was based upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof."Schiebel, 55 Ohio St.3d at 74. If the lower court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. Id.
 {¶ 26} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." Id. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273: "[t]he underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
 {¶ 27} Here, the fact that Appellant failed to file objections and either a supporting transcript or affidavit to the Magistrate's decision is fatal to her assigned error. Civ.R. 53(E)(3)(c) states "* * * [a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The trial court may properly adopt a magistrate's factual findings without further consideration when the objecting party fails to provide the court with a transcript of the magistrate's hearing or other relevant material to support their objections. See Proctor v. Proctor
(1988), 48 Ohio App.3d 55, 60, 548 N.E.2d 287, citing Purpura v.Purpura (1986), 33 Ohio App.3d 237, 515 N.E.2d 27. We previously noted in Lincoln Savings Loan Assn. v. Damron, Lawrence App. No. 02CA4, 2003-Ohio-2596, that "in the absence of such a transcript or affidavit, an appellate court will review the trial court's adoption of the magistrate's findings of facts to determine whether the trial court's adoption of that finding constituted an abuse of discretion." See, Proctor, supra;Purpura v. Purpura, 33 Ohio App.3d at 239-240; Wade v. Wade,113 Ohio App.3d at 419; Kilroy v. B.H. Lakeshore Co. (1996),111 Ohio App.3d 357, 360, 676 N.E.2d 171; State ex rel. Duncanv. Chippewa Township Trustees, 73 Ohio St.3d 728, 730,654 N.E.2d 1254.
 {¶ 28} The fact that Appellant failed to file objections at the trial court level, thus failing to provide the trial court with a transcript or affidavit, precludes this Court from considering the transcript she has submitted in this appeal. See,Lincoln Savings Loan Assn. v. Damron, supra; See, also,State ex rel. Duncan v. Chippewa Township Trustees,73 Ohio St.3d at 730; Unger v. Reams (Aug. 6, 1993), Lake App. No. 92-L-116, 1993 WL 317448; Mothes v. Mothes (Aug. 2, 1991), Lake App. No. 90-L-15-094, 1991 WL 147412; Fretter v. Fretter (Nov. 15, 1991), Lake App. No. 91-L-057, 1991 WL 239339. "This is because appellate courts will not take into consideration evidence not presented before the trial court." Unger, supra; See, also, State ex rel. Duncan v. Chippewa Township Trustees,73 Ohio St.3d at 730, citing State v. Ishmail (1978),54 Ohio St.2d 402, 377 N.E.2d 500.
 {¶ 29} Further, in Lincoln Savings Loan Assn. v. Damron,
supra, we held that "`[w]hen portions of the record necessary for determination of an assigned error are absent, the reviewing court has nothing to pass on and has no choice but to presume the validity of the trial court's proceedings.' Metzger v. Metzger
(Aug. 21, 1989), Crawford App. No. 3-87-39, 1989 WL 94813. `Therefore, without a transcript of the hearing before the magistrate, or a sufficient affidavit setting forth the specific facts, we have no basis with which to review the record for an abuse of discretion.'" Lincoln Savings Loan Assn. v. Damron,
supra, citing Helton v. Helton (1994), 102 Ohio App.3d 733,738, 658 N.E.2d 1. Accordingly, based on the foregoing reasoning, we overrule Appellant's second assignment of error.
 {¶ 30} In her third assignment of error, Appellant contends that the guardian ad litem failed to represent the legal interests of the children in recommending termination of parental rights. In support of this argument, Appellant asserts that the only testimony in the record regarding the children's desires was that of their mother, who testified that the children looked forward to coming home. Appellant contends that while this issue was not raised at the trial court level, it should have been, and that the failure to do so constitutes ineffective assistance of counsel. Again, because the transcript of the proceedings below are not properly before us, we are without sufficient information to discern whether trial counsel's performance was deficient in this regard. As such, Appellant's third assignment of error is overruled.
 {¶ 31} Accordingly, we affirm the decision of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. Kline, J.: Concur in Judgment Only.
[2] "Courts may, however, in some circumstances consider constitutional challenges to the application of statutes when to (sic) the rights and interests warrant consideration. See In reM.D. (1988), 38 Ohio St.3d 149, 527 N.E.2d 286." Id.