OPINION
{¶ 1} Defendant-appellant Michelle L. Eastwood ("wife") appeals the May 9, 2006 Judgment Entry/Decree of Divorce entered by the Licking County Court of Common Pleas, Domestic Relations Division, which granted the parties a divorce, divided marital assets and debts, allocated parental rights and responsibilities, and awarded spousal support and attorney fees. Defendant-appellee is Lucas E. Eastwood ("husband").
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married on January 4, 1997. Two children were born as issue of said union, to wit: Joshua (DOB 10/24/99), and Jonathan (DOB 9/6/00). Wife has a son, Jacob Scott Smith (DOB 4/9/1993), from a prior marriage. On March 1, 2005, wife filed a Complaint for Divorce in the Licking County Court of Common Pleas, Domestic Relations Division, asserting gross neglect of duty, extreme cruelty and incompatibility as grounds. Husband filed a timely answer and counterclaim for divorce.
 {¶ 3} Husband filed a motion for a temporary restraining order. On April 13, 2005, the trial court ordered the parties to participate in mediation. Approximately one week later, wife filed a Motion for Emergency Ex Parte Custody, Child Support, Spousal Support, and Attorney Fees. Husband filed a motion for emergency orders on April 21, 2005. During the pendency of this action, each party filed an action seeking a civil protection order against the other. The trial court conducted a second stage hearing in the CPO actions on April 27, 2005. Due to time constraints, the trial court scheduled a hearing on the parties' motions in the instant action for June 6, 2005. *Page 3 
 {¶ 4} The magistrate issued temporary orders on May 5, 2005, awarding wife temporary custody of the children and providing husband with parenting time. The magistrate also ordered husband to pay temporary child support as well as all of the parties' marital debts with the exception of four credit cards in wife's sole name. Wife was ordered to pay the four credit cards, the utility expenses for the parties' marital residence, her living expenses, and any other debts in her sole name. The matter proceeded contentiously with the parties delaying the trial court with a plethora of motions.
 {¶ 5} On December 1, 2005, wife filed a motion, requesting the trial court interview the children. The guardian ad litem issued her report on December 7, 2005. Although the guardian ad litem stated her desire to see the parties participate in a shared parenting plan, she recognized the tremendous effort such would take given the bitterness of the divorce proceeding. The guardian recommended husband be named residential parent for school purposes. She further recommended husband be named sole residential parent, if the parties could not set aside their personal differences and learn to communicate.
 {¶ 6} The trial court conducted a final contested divorce hearing on December 13, 2005, and January 27, 2006. On January 19, 2006, the trial court conducted an in camera interview of the children. The parties "stipulated that the Court take judicial notice of all actions/hearings prior to the final hearing as well as those in the CPO cases." May 9, 2006 Judgment Entry. The stipulation specifically included all evidence and exhibits presented during those hearings. The CPO cases were subsequently dismissed by agreement of the parties. *Page 4 
 {¶ 7} Via Judgment Entry/Decree of Divorce filed May 9, 2006, the trial court granted the parties a divorce on the grounds of incompatibility. The trial court designated husband as the residential parent of the minor children, finding the parties incapable of working together to effectuate a shared parenting plan. The trial court chastised the parties for their behavior during the pendency of the action. The trial court also divided the parties' marital assets and debts.
 {¶ 8} It is from this judgment entry wife appeals, raising the following assignments of error:
 {¶ 9} "I. THIS COURT MUST OVERRULE ITS HOLDING IN PATTON V.PATTON, (1993) 87 OHIO APP.3D 844, INSOFAR AS TO THE REQUIREMENT THAT A TIMELY REQUEST MUST BE MADE FOR A RECORD IN AN IN CAMERA INTERVIEW WHEN IT IS CONTRARY TO THE OHIO SUPREME COURT'S RULING OF IN REWHITAKER, (1988) 36 OHIO ST.3D 213, WHICH MANDATES THAT A RECORD MUST BE MADE IN SUCH AN INTERVIEW, AND THIS CASE MUST BE REMANDED BACK TO THE TRIAL COURT FOR SUCH A RECORD TO BE MADE.
 {¶ 10} "II. THIS COURT'S HOLDING IN PATTON V. PATTON, (1993) 87 OHIO APP.3D 844, AS TO THE REQUIREMENT THAT A TIMELY REQUEST MUST BE MADE FOR A RECORD IN AN IN CAMERA INTERVIEW, IS IN CONFLICT WITH THE TWELFTH DISTRICT'S HOLDING IN DONOVAN V. DONOVAN (1996) 110 OHIO APP.3D 615 WHICH REQUIRES A RECORD TO BE MADE.
 {¶ 11} "III. UPON A REQUEST TO RECORD A HEARING OF WHICH AN INCAMERA INTERVIEW IS AN INTEGRAL PART, AND THAT IN CAMERA IS NOT RECORDED, A REVERSE AND REMAND IN THE LOWER COURT IS MANDATED. *Page 5 
 {¶ 12} "IV. IT IS AN ABUSE OF DISCRETION TO DESIGNATE A PARENT A RESIDENTIAL PARENT WHEN THAT PARENT HAS INFLUENCED THE MINOR CHILDREN REGARDING THEIR WISHES IN A CUSTODY DETERMINATION.
 {¶ 13} "V. IN A CUSTODY PROCEEDING IT IS AGAINST THE PUBLIC POLICY OF THIS STATE AND AN ABUSE OF DISCRETION WHEN A COURT ALLOWS A PARTY IN THAT PROCEEDING TO FORCE THE PRIMARY CAREGIVER OF THE MINOR CHILDREN TO SEEK WORK, AND THEN USES THE RESULT OF THAT ORDER TO DESIGNATE THE OTHER PARTY AS RESIDENTIAL PARENT.
 {¶ 14} "VI. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED THAT THE APPELLANT WOULD BE RESPONSIBLE FOR DEBT REGARDING THE MARITAL RESIDENCE WHEN THE APPELLEE HAD FORCED THE PROPERTY INTO FORECLOSURE THROUGH FINANCIAL MISCONDUCT AND IN VIOLATION OF A TRIAL COURT ORDER THAT APPELLEE PAY THE MORTGAGE.
 {¶ 15} "VII. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED THAT THE APPELLANT WOULD BE RESPONSIBLE FOR DEBT REGARDING THE AUTOMOBILE LEASE WHEN THE APPELLEE HAD FORCED THE AUTOMOBILE TO BE REPOSSESSED THROUGH FINANCIAL MISCONDUCT AND IN VIOLATION OF A TRIAL COURT ORDER THAT APPELLEE PAY THAT LEASE.
 {¶ 16} "VIII. IT IS AGAINST THE BEST INTEREST OF MINOR CHILDREN WHEN A COURT ADJUDICATES A PARENT THE RESIDENTIAL PARENT WHEN THAT PARENT HAS DENIED THE CHILDREN TRANSPORTATION, HOUSING, *Page 6 
FOOD AND HAS INFLUENCED THOSE CHILDREN THROUGH MONETARY MEANS IN SPITE OF COURT ORDERS TO DO OTHERWISE."
 I, II, III {¶ 17} Because wife's first three assignments of error are interrelated, we shall address said assignments of error together. In her first assignment of error, wife asks this Court to overrule its holding in Patton v. Patton, supra, asserting such is contrary to the Ohio Supreme Court's mandate in In Re Whitaker, supra. In her second assignment of error, wife contends this Court's holding inPatton, supra, is in conflict with the Twelfth District's holding inDonovan v. Donovan, supra.[1] In her third assignment of error, wife maintains the matter should be reversed and remanded to the trial court as a result of the trial court's failure to record the in camera interview, which was an integral part of the hearing.
 {¶ 18} R.C. 3109.04(B), which provides the procedure for in camera interviews, states: "(2) If the court interviews any child pursuant to division (B)(1) of this section, all of the following apply: * * *
 {¶ 19} "(c) The interview shall be conducted in chambers, and no person other than the child, the child's attorney, the judge, any necessary court personnel, and, in the judge's discretion, the attorney of each parent shall be permitted to be present in the chambers during the interview." R.C. 3109.04(B)(2)(c).
 {¶ 20} In Patton v. Patton, supra, this Court held: "A trial court errs in refusing a timely request that a record be made of its interview of minor children who are the subject of proceedings involving the award of parental rights and responsibilities." Id. at *Page 7 
*846. Furthermore, Licking County Court of Common Pleas, Domestic Relations Division, Local Rule 32.1 provides, in pertinent part: "All record requests for hearings or trials before the Judge must be received more than three [3] working days before the trial/hearing date, otherwise a record will be deemed to have been waived."
 {¶ 21} Wife filed a Motion for In Camera Interview of the Minor Children on December 1, 2005. The trial court granted wife's motion. Wife did not request a record of the interview be made. Wife explains husband requested a record of the final hearing scheduled for December 13, 2005, and because the in camera interview was an integral part of the hearing, she relied upon her belief husband's record request would include a record of the pending interview.
 {¶ 22} After filing the instant appeal, wife filed a supplemental request to the court reporter for a transcript of the in camera interview. Wife then learned no such record was made. Once wife realized there was no record of the in camera interview, she was under obligation to attempt to supplement the record with a Civ. R. 9(C) statement, which could have been filed under seal. Having failed to attempt to supplement the record, wife is estopped from arguing any error with respect to the lack of a transcript of the interview.
 {¶ 23} Wife's first, second, and third assignments of error are overruled.
 IV, V, VI, VII, VIII {¶ 24} Before addressing the merits of wife's final assignments of error, we must discuss the state of the record before this Court.
 {¶ 25} An appellant has the duty to provide this Court with the necessary transcripts of the record below in order to demonstrate any claimed error. See, App.R.9; *Page 8 State v. Feazel (July 17, 2000), Delaware App. 00CA01001, unreported. When parts of the record necessary for the resolution of the assigned errors are omitted, there is nothing for the reviewing court to pass upon. Id. (Citations omitted). Thus, the reviewing court must presume the regularity of proceedings below and affirm. Knapp v. EdwardsLab. (1980), 61 Ohio St.2d 197, 199.
 {¶ 26} An appellant's duty to provide a record of the necessary portion of the trial court's proceedings does not end even if, through no fault of the appellant, a verbatim transcript of the proceedings below is unavailable. "Without a transcript or an App.R. 9 substitute, `[a] party, having the duty of instituting the preparation of a record for the purpose of appeal, may not sit idly by and then predicate reversal upon the basis of a `silent record'." E. Cleveland v.Dragonette (1972), 32 Ohio St.2d 147, 149.
 {¶ 27} For purposes of the final hearing, the parties stipulated the trial court take judicial notice of all actions/hearings prior to the final hearing as well as those in the CPO cases. The stipulation specifically included all evidence and exhibits presented at those hearings. The only proceeding for which this Court has a transcript is the final hearing conducted on December 13, 2005, and January 27, 2006. In her remaining assignments of error, wife points to single factors of the trial court's decisions relative to custody and the division of marital debt. Without a complete record of all prior hearings, we are unable to evaluate the merits of wife's assignments of error. Accordingly, wife cannot demonstrate the trial court's determinations constitute an abuse of discretion.
 {¶ 28} We presume regularity in the trial court and overrule wife's fourth, fifth, sixth, seventh, and eight assignments of error. *Page 9 
 {¶ 29} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed.
 By: Hoffman, P.J. Wise, J. and Delaney, J. concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.
[1] Although listed as an assignment of error, it does not assert any error in the trial court. *Page 1