[Cite as *Rothwell v. Rothwell*, 2013-Ohio-457.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| MICHELLE L. ROTHWELL, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA6 |
| | : | |
| vs. | : | |
| | : | DECISION AND |
| MARK E. ROTHWELL, ET AL., | : | JUDGMENT ENTRY |
| | : | |
| Defendants-Appellants. | : | **Released: 01/29/13** |

_____

APPEARANCES:

Kinsley F. Nyce, Columbus, Ohio, for Appellant, Mark E. Rothwell.

Jacqueline L. Kemp, Kemp, Schaeffer & Rowe Co., L.P.A., Columbus, Ohio, for Appellee.

_____

McFarland, J.

{¶ 1} Appellant, Mark E. Rothwell, appeals the judgment entry of the Pickaway County Court of Common Pleas, Division of Domestic Relations, issuing a decree of divorce as between Appellant, and Appellee, Michelle L. Rothwell. On appeal, Appellant essentially contends in his first and second assignments of error that the trial court erred in failing to record the four day final divorce hearing. Appellant further contends in his third assignment of error that the trial court's division of assets and liabilities of the parties was in contravention of the evidence presented at the final

hearing. Because the trial court was not required to record the proceedings absent a request by one of the parties to do so, we cannot conclude that the trial court erred. As such, Appellant's first and second assignments of error are overruled. Further, in the absence of a transcript, because Appellant failed to provide an affidavit of the evidence pursuant to Civ.R. 53(D)(3)(b)(iii) in conjunction with his objections to the magistrate's decision, and also failed to file a statement of the evidence pursuant to App.R. 9(C) on appeal, we must presume the regularity of the proceedings below. Thus, Appellant's third assignment of error is also overruled. Accordingly, the decision of the trial court is affirmed.

## FACTS

{¶ 2} The parties were married on November 14, 1998, and separated on November 14, 2009. Appellee, Michelle Rothwell, filed a complaint for divorce on December 30, 2009, naming as defendants her husband and Appellant herein, Mark Rothwell, as well as Grove City Garage Door, Inc., the company jointly owned by the parties. Appellant, Mark Rothwell, filed his answer and counterclaims to the complaint for divorce on February 11, 2010. Discovery between the parties ensued and the matter was scheduled for a final divorce hearing before the magistrate beginning on April 25,

2011.[1]  After the presentation of evidence, the parties' respective counsel submitted written closing arguments.

{¶ 3}  On October 28, 2011, a magistrate's decision, including findings of fact and conclusions of law, was filed which divided the parties' marital assets and debt.  Appellant filed his objections to the magistrate's decision on November 14, 2011.  Appellee in turn filed her response to Appellant's objections, as well as her own objections.  A review of the record reveals that Appellant did not request or file a copy of the transcript in conjunction with the filing of his objections.  Further, in the absence of the transcript, Appellant also failed to file an affidavit of the evidence pursuant to Civ.R. 53(D)(3)(b)(iii).  On November 29, 2011, the trial court issued a decision and entry overruling Appellant's objections and affirming the magistrate's decision.  In reaching its decision, the trial court stated as follows:

> "It is noted that a transcript of the final hearing was not requested by the Defendant.  Lacking a transcript, this Court will rely on the findings of fact outlined in the Magistrate's Decision and the evidence contained in the file."

---

[1] The final hearing consisted of four days of testimony taken on April 25, April 26, June 9, and June 10, 2011.

Subsequently, on December 20, 2011, Appellant filed a motion for leave to have the transcript he had ordered that same day made available to the trial court for consideration. Appellee opposed the motion. The trial court implicitly denied Appellant's motion by virtue of its issuance of a judgment entry – decree of divorce on February 29, 2012.

{¶ 4} Appellant filed his notice of appeal on March 27, 2012, indicating in his statement, praecipe, and notice to the court reporter that he intended file a complete transcript of the proceedings. Subsequently, on April 11, 2012, the court reporter filed an affidavit stating that a record of the four days of the final divorce hearing was not available, due to a malfunction of the recording equipment. Further, a notice of transmission of the record was filed on May 8, 2012, indicating that it did not include a transcript of the proceedings. Appellate briefs were filed and the matter was heard on oral argument August 30, 2012. Then, on September 5, 2012, Appellant filed a motion requesting that he be permitted to file a statement of the evidence on appeal. By a magistrate's order dated September 12, 2012, this Court initially granted Appellant's motion; however, upon the objection of Appellee and after further consideration, we denied Appellant's motion, because the matter had already been submitted for decision. Thus,

the appeal proceeded without a transcript, or an alternative App.R. 9(C) statement of the evidence.

## ASSIGNMENTS OF ERROR I AND II

{¶ 5}  Because Appellant's first and second assignments of error advance essentially the same argument, we will address them together.  As stated above, taken together, Appellant's first and second assignments of error essentially contend that the trial court erred in failing to record the parties four day final divorce hearing.  In support of this argument, Appellant cites us to the Supreme Court of Ohio Sup.R. 11(A)-(F), which he claims "requires" that a record of proceedings be made and maintained.  Appellant further argues that because the trial court failed to record the proceedings, this Court should remand the matter for a new final hearing.  Based upon the following reasons, we disagree.

{¶ 6}  Sup.R. 11 governs "Recording of proceedings" and provides in section (A) that "[p]roceedings before any court and discovery proceedings *may* be recorded * * *."  (Emphasis added).  The applicable version of this rule was adopted in 1997 and is still currently in effect.  Contrary to Appellant's argument, the 1997 Staff Notes which accompany the rule state that "[i]n civil matters, there is no obligation to record the proceedings

before the court. However, the court must provide a means of recording the proceedings in a civil matter upon the request of a party." The Staff Notes further state that "R.C. 2301.20 requires the court of common pleas to provide a reporter on request of a party or their attorney."

{¶ 7} The Tenth District Court of Appeals recently addressed an argument similar to the one raised by Appellant in *Franklin v. Franklin*, 10th Dist. No. 11AP-713, 2012-Ohio-1814. In response, the *Franklin* court determined that Sup.R. 11 "clearly does not require every proceeding to be recorded." *Franklin* at ¶ 13; citing *Levengood v. Levengood*, 5th Dist. No. 1998AP100114, 2000 WL 874720, (June 7, 2000). As in *Franklin*, Appellant does not contend that a record was requested by one of the parties. Further, the version of R.C. 2301.20 that was in effect at the time of the hearing at issue provided that a trial court shall provide a shorthand reporter in civil cases upon the request of either party.[2] Thus, although the record reveals that the trial court did, in fact, attempt to record the proceedings, neither Sup.R. 11 or the applicable version of R.C. 2301.20 required the trial court to record the proceedings absent a specific request by one of the parties.

---

[2] R.C. 2301.20 has since been amended and the current version, which became effective September 10, 2012, provides that "[a]ll civil and criminal actions in the court of common pleas shall be recorded."

**{¶ 8}** Although not raised by Appellant, we additionally note Civ.R. 53(D)(7), which is entitled "Recording of proceedings before magistrates," states that "[e]xcept as otherwise provided by law, all proceedings before a magistrate shall be recorded in accordance with procedures established by the court." Our research reveals that the local rules of the Pickaway County Court of Common Pleas, Domestic Relations Division, did not expressly require the recordation of the proceedings at issue, but instead simply state under Rule 16.02, with respect to magistrates, "[a]ll referenced proceedings shall conform to the requirements of Ohio Civil Rule 53. Further, while this Court's own rules provide in App.R. 9(A)(2) that "[t]he trial court shall ensure that all proceedings of record are recorded by a reliable method," App.R. 9(B)(4) contemplates situations in which "no recording was made."

**{¶ 9}** For example, App.R. 9(B)(4) provides that "[i]f no recording was made, or when a recording was made but is no longer available for transcription, App.R. 9(C) or (D) may be utilized." App.R. 9(C) is entitled "Statement of the evidence or proceedings when no recording was made, when the transcript of proceedings is unavailable, or when a recording was made but is no longer available for transcription," and provides as follows:

> "If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer

available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10 and the appellee may serve on the appellant objections or propose amendments to the statement within ten days after service of the appellant's statement; these time periods may be extended by the court of appeals for good cause. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."

App.R. 9(D) provides yet another alternative, allowing the parties to submit and "agreed statement as the record on appeal."

{¶ 10} Our review of the record before us indicates that the four day final divorce hearing held before the magistrate was not recorded. Based upon the affidavit of the court reporter, it appears there was a malfunction

with the recording equipment.  Additionally, as set forth above, Appellant does not claim that either party requested that the proceedings be recorded.

{¶ 11}  As already set forth, Sup.R. 11 does not require magistrates to record proceedings, and the version of R.C. 2301.20 that was in effect at the time of the proceedings at issue only required recordation upon the request of one of the parties.  Further, although Civ.R. 53 speaks to the recordation of proceedings before magistrates, it simply requires that "all proceedings before a magistrate shall be recorded in accordance with procedures established by the court."  The local rules of the Pickaway County Court of Common Pleas, Domestic Relations Division, do not specify that these proceedings must be recorded.  Finally, although this Court's own appellate rules contemplate that such proceedings be recorded, the rules also provide alternatives on appeal when no such recording was made.  Appellant did not avail himself of those alternatives until well after the time in which they would have been appropriate, which was far too late.

{¶ 12}  In light of the foregoing, because there was no clear mandate requiring the magistrate to make a record of the proceedings, we cannot conclude that the trial court erred.  Further, even assuming arguendo that the trial court did err in failing to make a record of the proceedings, there were alternatives to recreate the record available to Appellant under App.R. 9(C)

or (D), which he did not timely take advantage of.  Thus, even if we had found error on the part of the trial court, we would not have granted Appellant the relief requested, which was to have the matter remanded for a new hearing.  Accordingly, Appellant's first and second assignments of error are overruled.

ASSIGNMENT OF ERROR III

{¶ 13}  In his third assignment of error, Appellant contends that the trial court erred as a matter of law and in conflict with the evidence in the grant of assets and liabilities of the parties, and in contravention of the evidence presented at the final hearing.  Appellant claims that lay and expert trial testimony was not utilized adequately by the magistrate.  Appellant also mentions this Court's inability to consider this argument absent the trial testimony.

{¶ 14}  Appellee responds by initially pointing out the fact that Appellant has failed to properly brief or present any argument regarding this assignment of error.  We agree.  Appellant has not separately argued each assignment of error.  In fact, while the purported assignments of error each number several pages in length, there is only one argument section which simply appears to summarize the role of the appellate court in general.

{¶ 15} The only information in Appellant's seventeen page brief that provides any specific information regarding the trial court's division of the parties' assets and liabilities appears in the statement of the facts section, and consists of several bullet points alleging inaccuracies, without any accompanying explanation or argument. App.R. 12(A)(2) authorizes us to disregard any assignment of error that a party fails to argue separately. Nevertheless, in the interests of justice, we would ordinarily attempt to consider this assignment of error on its merits. However, as alluded to above and as will be more fully discussed below, due to the lack of a transcript or App.R. 9(C) or (D) statement, our review is severely limited.

{¶ 16} In his third assignment of error, Appellant appears to complain that the magistrate, whose decision the trial court adopted, erred in its division of the parties' assets and liabilities. Initially, we must address the standard of review. Civ.R. 53(D)(3)(b)(i) provides that a party "may file written objections to a magistrate's decision within fourteen days of the filing of the decision * * *." Civ.R. 53(D)(3)(b)(iii) further provides that "[a]n objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all evidence submitted to the magistrate relevant to that finding *or an affidavit of that evidence if a transcript is not available*." (Emphasis

added).  As discussed above, a transcript was not available. If an objecting party fails to provide the trial court with the transcript of the proceedings before the magistrate, the appellate court is precluded from considering the transcript of the magistrate's hearing.  *State ex. rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995).

{¶ 17}  Our review of the record further reveals that Appellant also failed to file an affidavit of the evidence, which alternative was required under Civ.R. 53(D)(3)(b)(iii) in the absence of a transcript.   The trial court may properly adopt a magistrate's factual findings without further consideration when the objecting party fails to provide the court with a transcript of the magistrate's hearing or other relevant material to support their objections. *In re Maxwell*, 4th Dist. No. 05CA2863, 2006-Ohio-527, ¶ 27, citing *Proctor v. Proctor*, 48 Ohio App.3d 55, 60, 548 N.E.2d 287 (1988), in turn citing *Purpura v. Purpura*, 33 Ohio App.3d 237, 515 N.E.2d 27 (1986).

{¶ 18}  In addition, not only did Appellant fail to provide an affidavit of the evidence in support of his objections to the magistrate's decision at the trial court level, he also failed to file a timely statement of the evidence pursuant to App.R. 9(C) on appeal.  App.R. 9 requires that the party challenging the trial court's decision prove the alleged error through

references to the record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). It is an appellant's duty to provide a record of the trial court's proceedings that is necessary for the resolution of his appeal even if, through no fault of the appellant, a verbatim transcript of the proceedings below is unavailable. *Buckley v. Ollila*, 11th Dist. No. 98-T-0177, 2000 WL 263739, *2 (Mar. 3, 2000).

{¶ 19} Since there was no transcript of the hearing or some other acceptable alternative as set out in App.R. 9, Appellant cannot demonstrate the claimed error, and this Court must presume the regularity of the trial court proceedings as well as the validity of its judgment. See *Pryor v. Pryor*, 4th Dist. No. 09CA3096, 2009-Ohio-6670, ¶24; *Childers v. Childers*, 4th Dist. No. 05CA3007, 2006-Ohio-1391, ¶23; *Eastwood v. Eastwood*, 5th Dist. No. 06-CA-0066, 2007-Ohio-3096, ¶ 26, quoting *E. Cleveland v. Dragonette*, 32 Ohio St.2d 147, 149, 290 N.E.2d 571, (1972) (" 'Without a transcript or an App.R. 9 substitute, "[a] party, having the duty of instituting the preparation of the record for the purpose of appeal, may not sit idly by and then predicate reversal upon the basis of a 'silent record.' "). Accordingly, we overrule Appellant's third assignment of error.

{¶ 20} Having failed to find merit in any of the assignments of error raised by Appellant, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED**.

Kline, J., concurring.

{¶ 21} I respectfully concur in judgment only. In my view, the relevant issue is Appellant's failure to comply with Civ.R. 53(D)(3)(b)(iii). "When a party fails to file a transcript of evidence *or a Civ.R. 53(D)(3)(b)(iii) affidavit*, our review is limited to determining whether the trial court abused its discretion when applying the law to the facts." (Emphasis added.) *Liming v. Damos*, 4th Dist. No. 08CA34, 2009-Ohio-6490, ¶ 17; *see also State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995). Therefore, as to Appellant's third assignment of error, I would find that the trial court did not abuse its discretion. Furthermore, because Appellant failed to comply with Civ.R. 53(D)(3)(b)(iii), we may not consider any evidence other than the trial court's findings of fact. *See id.*; *Ragins v. Dains*, 10th Dist. No. 12AP-124, 2012-Ohio-5089, ¶ 9 ("We are * * * precluded from considering anything that was not before the trial court when it overruled appellant's objection to the magistrate's decision."). Therefore, I would simply find that Appellant's first-and-second assignments of error are irrelevant.

{¶ 22} Accordingly, I respectfully concur in judgment only.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J.:   Concurs in Judgment and Opinion.
Kline, J.:     Concurs in Judgment Only with Opinion.

For the Court,

BY:   _____
Matthew W. McFarland
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**